

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 1:12-CR-81 |
| | § | |
| ROGELIO ARELLANO TORRES | § | |

**REPORT AND RECOMMENDATION**
**ON DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge upon referral from the District Court. The Court now its enters its recommendation that the District Court find the defendant, Rogelio Arellano Torres, competent to proceed.

A.  <u>Procedural Background and the Forensic Psychologist's Report</u>

On August 3, 2012, pursuant to the motion of counsel, the undersigned entered an order directing the mental examination of the defendant to determine his competency to stand trial. In that order, the Court directed that the defendant be committed to the custody of the Attorney General for placement in a suitable facility for an examination by a psychiatrist or psychologist to determine whether, pursuant to 18 U.S.C. § 4241, he is suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the

proceedings against him or to assist properly in his defense.

The Court received notification from the warden of the Metropolitan Detention Center in Los Angeles, California, that a psychological evaluation had been completed pursuant to this Court's order. The warden indicates that there is no objective evidence to indicate that Mr. Torres suffers from a mental disorder or mental condition that impairs his present ability to understand the nature and consequences of the court proceedings against him or his ability to properly assist counsel in his defense. Tiffany K. Brown, forensic psychologist, prepared the report stating her opinion that there is no objective evidence to indicate that Torres suffers from signs or symptoms of a major mental disorder or a psychotic disorder. The report was reviewed by Lisa Hope, acting chief psychologist at the Metropolitan Detention Center. The competency report, which reflects the examiner's method of evaluation and opinion in detail and sets forth the corresponding psychological findings and recommendations, was filed in the record under seal and provided to both the defendant's attorney and the attorney for the Government. On December 18, 2012, the Court conducted a competency hearing to address the findings set forth in the psychological report. Neither party objected to the report or the examiner's findings.

B. Conclusion and Recommendation

Accordingly, based upon the opinion issued by the forensic psychological examiners and the agreement of the parties, the undersigned United States Magistrate Judge recommends that the District Court find the defendant, Rogelio Arellano Torres, competent to proceed pursuant to 18 U.S.C. § 4241.

C.  Objections

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of December, 2012.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE